**Thomas A. DiLUGLIO**

v.

**RHODE ISLAND ETHICS COMMISSION.**

**No. 96–244–Appeal.**

Supreme Court of Rhode Island.

July 3, 1997.

Joseph A. Kelly, Providence.

Colleen A. Brown, Ina Suuberg, Gary Yesser, Providence.

**ORDER**

This matter came before a panel of this court on June 17, 1997, after we ordered the parties to show cause why the issues raised by this appeal should not be summarily decided. After hearing arguments of counsel for the parties and reviewing their memoranda, we conclude that cause has not been shown and that the appeal can be decided at this time.

The plaintiff, Thomas A. DiLuglio, appeals from a Superior Court judgment affirming an adverse decision of the Conflict of Interest Commission (the commission), the predecessor of the defendant Rhode Island Ethics Commission. We do not reach the merits of the plaintiff's claims because he has not properly invoked the jurisdiction of this court. General Laws 1956 § 36–14–15 provides that

"[a]ny action by the commission made pursuant to this chapter shall be subject to review pursuant to chapter 35 of title 42 [the Administrative Procedures Act (APA) ]." Under the APA, further review by this court of an action by the commission is through a petition for a writ of certiorari filed within twenty days from the date of the entry of the judgment. General Laws 1956 § 42–35–16. Because the plaintiff filed a notice of appeal, rather than a petition for writ of certiorari, this matter is not properly before us. Moreover, we decline the plaintiff's invitation to treat his appeal as a petition for certiorari because in this case such a petition would raise considerations and issues that have not been briefed or argued to us.

Accordingly the plaintiff's appeal is dismissed without prejudice to his right to file a petition for a writ of common-law certiorari.

LEDERBERG and BOURCIER, JJ., did not participate.